## No. 527

### OHIO MATCH CO. v. ELM GROVE MINING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7106. Decided May 9, 1927

297. CONTRACTS—1. A contract between buyer and seller by which seller agrees to furnish 400 tons of coal per day, does not place an obligation upon buyer to order 400 tons of coal per day unless the contract clearly sets forth such an obligation. If the seller wishes to hold the buyer on such a contract, they should tender the coal to buyer and probably ship it to him and then sue him for goods sold and delivered.

2. A contract made August 2, 1920, fixing the price of coal to be delivered, but providing that the price shall be increased, in case there is an increase of wages on April 1, 1922, will not be construed to provide for an increase in price to cover an increase in wages which went into effect Aug. 15, 1920.

**First Publication of this Opinion**

VICKERY, J.

This action was commenced by the Mining Co. against the Match Co. There were four causes of action. On the third, a judgment was rendered for the Mining Co. for $11000. The Common Pleas found for the Match Co. upon the first and second and the fourth has now been eliminated. The first and second are predicated upon an alleged contract, by which the Match Co. agreed to take from the Mining Co. 400 tons of coal per day, and it is claimed that on a number of days they did not take that amount and the Mining Co. asked damages for the failure to do so.

The third cause of action grew out of an agreement entered into on Aug. 2, 1920, by which the mining company agreed to furnish coal to the match company at a fixed price. This price was to be increased, however, on April 1, 1922, in case there was an increase in the wages of miners at that time. It was claimed that the judgment rendered on this cause of action was not all that the mining company was entitled to, but that it should have included an increase in the price of coal to cover an increase in the wage of miners, which went into effect on the 16th of Aug. 1920. The Court of Appeals affirmed the Common Pleas and held as follows:—

1. That a fair interpretation of the contract upon which the first and second causes of action were based would be to the effect that The Ohio Match Co. was to take all of the coal that it needed in its business only.

The evidence shows that the Match Co. did take all of the coal that it needed in its business, except in two cases which were provided for in the contract, and outside of these two exceptions, the Match Co. did not buy any coal from any other company. Also, that in case the Mining Co. wanted to hold the Match Co. for damages they should have tendered and probably have delivered the coal to them and sued them for goods sold and delivered.

2. The contract providing for an increase in price to cover an increase in wages which might become effective April 1, 1922, could not be fairly construed to cover an increase in wages which went into effect on Aug. 16, 1920.

Judgment affirmed.

(Sullivan, PJ. and Levine, J., concur)

Attorneys—Walter D. Meals, Esq. for Ohio Match Co., Taplin & Fillius for Elm Grove Mining Co; all of Cleveland.

---

## No. 528

### MADDEN v. WOODS

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1534. Decided Feb. 18, 1927.

1106. STATUTE OF LIMITATIONS— Where mutual accounts are to be credited against each other, the statute of limitations should not be considered.

920. PHYSICIANS AND SURGEONS— Where a doctor renders services to a housekeeper, her employer is liable, in the event that the employer requested the doctor to perform the services.

**First Publication of this Opinion**

ALLREAD, J.

This action originated in the Municipal Court and was appealed to the Court of Common Pleas. The suit was upon an account, which showed a certain balance. A jury rendered a judgment for the full amount of the alleged balance. Error was prosecuted and the Court of Appeals found as follows:

The question of the statute of limitations as to the older items is presented and urged as a basis for the reduction of the amount of the verdict. The pleadings on evidence showed that the mutual accounts were to be credited against each other, and for this reason the statute of limitations should not be considered.

The next question relates to the liability of Madden for the services of Dr. Woods to Mrs. Carter, Madden's housekeeper. The trial court charged the jury that Madden would be liable for said services only in the event that he, Madden, requested the doctor to perform the services.

The verdict of the jury was in favor of Dr. Woods upon that issue and we think the evidence is sufficient to sustain the verdict in this respect.

Judgment affirmed.

(Ferneding and Kunkle, JJ., concur).

Attorneys—T. N. and J. M. Lewis for Madden; Homer Trantham for Woods; all of Columbus.